## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

STATE FARM LIFE INSURANCE
COMPANY,

    Plaintiff,

v.                                            Case No:  5:15-cv-267-Oc-30PRL

MICHELLE MIZELL STONE, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff State Farm Life Insurance Company's ("State Farm") Unopposed Motion for Interpleader (Doc. 20).  State Farm issued life insurance policy LF-1449-4120 in 1995 to Lawrence Stone.  The policy provides that, upon the death of Lawrence Stone, State Farm will pay the proceeds of the policy to the primary beneficiary designated in the policy.  The primary beneficiary was originally Kyle Stone.

On October 7, 1998, Lawrence Stone married Michelle Mizell Stone, formerly Michelle Yvonne Mizell.  Lawrence Stone then executed a change of beneficiary designating Michelle Mizell Stone as the primary beneficiary under the policy and designating Kyle Stone as the successor beneficiary.  On May 3, 2005, the marriage of Lawrence Stone and Michelle Mizell Stone was dissolved.

Lawrence Stone passed away on July 5, 2014. Subsequently, State Farm received conflicting claims on the policy from both Kyle Stone and Michelle Mizell Stone. With respect to a life insurance policy, Florida Statute § 732.703 provides:

> A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

Fla. Stat. § 732.703(1)(a), (2), (3)(a). Since the marriage of Lawrence Stone and Michelle Mizell Stone was dissolved prior to Lawrence Stone's death, it would appear that pursuant to § 732.703(2), Michelle Mizell Stone would no longer be entitled to the proceeds of the policy as the primary beneficiary. Michelle Mizell Stone asserts, however, that she is entitled to the proceeds either individually or as guardian of the property of Ryan M. Stone, Lawrence Stone's child, under an exception to § 732.703(2). Kyle Stone counters that Michelle Mizell Stone's claim does not fall into any exception and that he is the rightful beneficiary of the insurance proceeds.

Due to the conflicting claims of Michelle Mizell Stone and Kyle Stone, State Farm is unsure of the rightful beneficiary under the policy. State Farm asserts that it has no interest in the proceeds of the policy beyond payment to the rightful beneficiary. State Farm previously requested to deposit the proceeds of the insurance policy into the registry of the Court, and the Court granted State Farm's request. (Docs. 16-17). State Farm has deposited the insurance proceeds plus accrued interest into the registry of the Court. (Doc. 19).

Because State Farm has no interest in the insurance proceeds and has deposited them into the registry of the Court, interpleader is appropriate.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. State Farm Life Insurance Company's Unopposed Motion for Interpleader (Doc. 20) is GRANTED.

2. State Farm Life Insurance Company is discharged from any liability to Michelle Mizell Stone, Ryan Stone, and Kyle Stone in connection with insurance policy LF-1449-4120 or any benefits under that policy.

3. Michelle Mizell Stone, Ryan Stone, and Kyle Stone are hereby enjoined from instituting any action against State Farm Insurance Company in any state or federal court with respect to insurance policy LF-1449-4120 or any benefits under that policy.

4. State Farm Insurance Company is DISMISSED from the action.

5. Defendants are directed to plead and pursue their claims among themselves in connection with their respective rights and claims to the insurance proceeds. For pleading purposes, Kyle Stone will now be designated as Plaintiff. After State Farm Insurance Company is dismissed as Plaintiff, the Clerk is directed to realign the parties in accordance with this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of October, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record